# DECISIONS

OF

# THE COURT OF APPEALS

## OF KENTUCKY.

SUMMER TERM, 1853.

## Jones *vs.* Commonwealth.

MOTION.

### ERROR TO MONTGOMERY CIRCUIT.

Case 1.

1. Under a statute authorizing the levy of a tax upon the persons and property in one county to build a court house, citizens of other counties owning lands in the county in which the tax is to be levied, are not subject to costs and treble tax, nor even to costs in a proceeding for failing to list their property when not requested to do so.

|14bm 1|
|e116 958|
|14bm 1|
|e116 958|

2. By the general law, citizens give in their lists of taxable property in the counties where they reside, and are not bound to take notice of local laws of taxation in other counties.

Chief Justice Hise delivered the opinion of the court.

June 7.

Case stated.

In March, 1851, an act was passed authorizing the county court of Montgomery to levy a tax upon persons and property in the county, subject to taxation, for the purpose of rebuilding the court house of the county, which was done. And at the December term, 1851, a rule was awarded against divers persons of whom Jones, as trustee, was one, to show cause why they had not listed their property in Montgomery county, subject to the court house tax, and why they should not be fined and triple taxed for failing or refusing to give in their said lists.

JONES
*vs.*
COMMONWEALTH

1. Under a statute authorizing the levy of a tax upon the persons and property in one county to build a court house, citizens of other counties owning lands in the county in which the tax is to be levied are not subject to costs and treble tax, nor even to costs in a proceeding for failing to list their property when not requested to do so.

Jones, in answer to the rule upon him, stated and proved that he was a citizen and resident of Bath and not of Montgomery county, though he had title to land in the latter county; also that he had never been called on for his said list, nor was returned as delinquent. Upon these facts he moved to dismiss the proceeding as to him, and this being refused, he proceeded in open court to list his property in Montgomery, which was accepted as a full answer to the rule. But the court, though it dismissed the rule against him, adjudged him to pay the costs. To reverse which judgment, he prosecutes this writ of error.

Waiving all other questions, we are of opinion that as neither the statute which authorized this tax, (*Sess. Acts*, 1850–51, 436,) nor any other statute required the residents of other counties to list with the officers of Montgomery county their property in said county, at any rate without being called on to do so; and as Jones never had been so called on, nor in any manner notified that it was his duty to list this property in Montgomery, before the rule was served on, him, he never was in default in this respect; and that having in fact listed the property in open court on the first opportunity, there was no more propriety in subjecting him to the costs of the proceeding than there would have been in subjecting him to the fine or triple tax.

2. By the general law, citizens give in their lists of taxable property in the counties where they reside, and are not bound to take notice of local laws of taxation in other counties.

By the general law the owners of property subject to taxation, are called on and give in their lists in the county in which they reside, though the property may be in other counties. The statute now in question has made no provision for a different proceeding, and whatever inference or consequence may be deduced from the omission, we are of opinion that it does not require the residents of other counties owning property in Montgomery to take notice at their peril of any order of the Montgomery county court levying this special tax, or to list their property under such order, without notice or requisition of some sort; and

that they cannot properly be made to pay for this notice in addition to the tax.

Wherefore, the judgment for costs against Jones is reversed and annulled, and the case is remanded.

FARROWS and PETERS for plaintiff; HARLAN, Attorney General, for Commonwealth.